IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                              Criminal Action No. 3:08-cr-00368-JAG

MAURICE B. QUARLES, JR.,

Defendant.

## MEMORANDUM OPINION

This matter is before the Court on defendant Maurice Quarles' motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. (Dk. Nos. 27 & 37.) On June 12, 2012, the Court requested supplemental briefing because the parties had not addressed the Fourth Circuit's decision in *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), which appeared relevant to the outcome of this motion. The parties have submitted these briefs, and the motion is now ripe for consideration. The issue before the Court is whether Quarles, as a career offender, is eligible for a sentence reduction due to a subsequent revision to the Drug Quantity Table of the U.S. Sentencing Guidelines. *See* U.S.S.G. App. C, Amend. 750 (2011). The Court holds, based on *Munn* and U.S.S.G. § 1B1.10, that Quarles was sentenced as a career offender, and therefore, a reduction is not authorized by 18 U.S.C. § 3582(c)(2). Furthermore, because Quarles was sentenced as a career offender, the holding in *Freeman v. United States*, 131 S. Ct. 2685 (2011), is inapplicable to this case, despite the defendant's arguments to the contrary. For these reasons, the Court DENIES the defendant's motion.

## I. Statement of Facts

Quarles entered a plea of guilty to one count of possession with the intent to distribute five grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(b)(1)(B). His Presentence Investigation Report ("PSR") calculated a base offense level of 24 and a criminal history category of IV. After subtracting three points for acceptance of responsibility, the guideline range for the crack cocaine offense was 57-71 months. Based on his past convictions, however, Quarles was classified as a career offender pursuant to U.S.S.G. § 4B1.1, which increased his total offense level to 31 and criminal history category to VI. His resulting guideline range was 188-235 months. The sentencing judge, the late Judge Richard L. Williams, noted that the classification as a career offender was "technically correct and appropriate" but stated that he would "grant a downward variance" and sentence the defendant in "the range of 120 to 150 months" based on the defendant's youth, lack of gang participation, and the small quantity of drugs involved in his prior convictions. (Sentencing Tr. 8:3-16 (Dk. No. 35).) After hearing a statement from the defendant, the court sentenced Quarles to 132 months of imprisonment, a term between the range calculated for his base offense and the career offender range.

Subsequent to Quarles' sentencing, the U.S. Sentencing Commission adopted Amendment 750, which reduced the base offense level for crack cocaine as provided in U.S.S.G. § 2D1.10.[1] *See* U.S.S.G. App. C, Amend. 750 (2011). Quarles filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence according to the lower crack cocaine offense levels. In his motion, Quarles contends that his sentence was based on the crack cocaine guideline range, rather than the career offender range. Under the defendant's theory, the

---

[1] Amendment 759 made this change retroactive, effective November 1, 2011, by incorporation into U.S.S.G. § 1B1.10(c). *See* U.S.S.G. App. C, Amend. 759 (2011).

sentencing judge used a "guideline range of 120 to 150 months," which is "approximately double Quarles' 57 to 71 month original guideline range." Since the revised crack cocaine tables would result in a guideline range of 24-30 months, the defendant argues that his sentence should be reduced to 60 months, which is double the high end of that range. The government argues that Quarles was not sentenced based on the crack cocaine guideline range, which is derived from U.S.S.G. § 2D1.10, but rather on the career offender guideline range, which comes from U.S.S.G. § 4B1.1. Since the career offender guideline range is unaffected by Amendments 750 and 759, the government argues that Quarles is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## II. Applicable Law

A criminal sentencing constitutes a final judgment, and courts have limited authority to reduce a sentence after it has been imposed. *See* 18 U.S.C. § 3582(b); *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) ("Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed. . . .") (internal quotation marks omitted); *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010). Before granting a motion to reduce a sentence, the Court must engage in a two-step inquiry: (1) determine the scope of reduction authorized by § 3582(c)(2) and § 1B1.10, and (2) determine whether a reduction is warranted in light of the factors listed in § 3582(a).[2] *Dillon v. United States*, 130 S. Ct. 2683, 2686 (2010). The first prong of the analysis is the critical one for the Court's purposes.

---

[2] 18 U.S.C. § 3582(a), which references 18 U.S.C. § 3553(a), requires courts to consider, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct.

Under 18 U.S.C. § 3582(c)(2), a court may grant a motion for a reduction in sentence for a defendant who (1) "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) such reduction is "consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement in this case is U.S.S.G. § 1B1.10. Application Note 1(A) to § 1B1.10 clarifies that a reduction is inconsistent with the policy statement if the change to the Sentencing Manual "does not have the effect of lowering the defendant's *applicable guideline range* because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011) (emphasis added). In short, Quarles must establish two distinct elements to show that he is even eligible for a reduction: (1) that the sentencing judge relied on the crack cocaine provision of the Sentencing Manual in imposing a sentence of 132 months, and (2) that the "applicable guideline range" that served as the basis for sentencing was also based on the crack cocaine provision, not the career offender provision.

Both § 3582(c)(2) and the policy statement in § 1B1.10 make it clear that a defendant is ineligible for a sentence reduction if his applicable guideline range was based on a sentencing guideline that is unaffected by a retroactive amendment. The issue before this Court, therefore, is whether the defendant's applicable guideline range was based on the crack cocaine guidelines or the career offender guidelines.

Recently, in *Freeman v. United States*, the Supreme Court found an additional basis for granting a defendant a reduction in sentence. It held that when a binding plea agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman,* 131 S. Ct. at 2698 (Sotomayor, J., concurring). At

4

times, the Court also used more expansive language, suggesting freer rein for district courts to grant sentence reductions. *See, e.g., id.* at 2690 ("There is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range.") (Kennedy, J., Court). As a result, the defendant also contends that *Freeman* supports a sentence reduction in this case.

## III. Discussion

### A. Quarles' Applicable Guideline Range Was Based on the Career Offender Provision

Since the defendant's sentence was imposed by a different judge, the Court must refer to the record in order to determine whether his sentencing range was based on the crack cocaine guidelines or the career offender guidelines. All the record indicates is that the sentencing judge decided to impose a sentence "between 120-150 months." The defendant argues that this range constitutes "the applicable guideline range" and that it is based on the crack cocaine provision. For several reasons, this position is without merit.

The sentencing process consists of three principal steps. First, the offense level and the defendant's criminal history yield a base guideline range. If the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense, the offense level is increased pursuant to U.S.S.G. § 4B1.1, the career offender provision. Next, the court may grant a "departure" from the base guideline range based on various provisions in the Sentencing Manual. *See, e.g.,* U.S.S.G. §§ 4A1.3, 8C4.1. For example, U.S.S.G. § 4A1.3 authorizes a downward departure if a defendant's criminal history category "substantially over-represents the seriousness of the defendant's criminal history. . . ." Finally, because the sentencing guidelines are merely advisory, the court may grant a "variance" from the guidelines

based on the factors in the federal sentencing statute, 18 U.S.C. § 3553(a). *See United States v. Booker,* 543 U.S. 220 (2005).

Here, the sentencing judge explicitly stated that he believed the classification as a career offender was appropriate for Quarles. In deciding to impose a sentence below the guideline range, the judge said he was granting a "variance." A sentence imposed pursuant to a variance is, by definition, a sentence outside the applicable guideline range. *See United States v. Diosdado-Star,* 630 F.3d 359, 363 (4th Cir. 2008) (describing a variance sentence as "a non-guideline sentence"). A variance is granted according to the factors listed in 18 U.S.C. § 3553(a), which are external to the Sentencing Manual and the applicable guideline range. The applicable guideline range was thus 188-235 months based on the career offender provision. The range utilized by the sentencing judge, 120-150 months, was a variance from the applicable guideline range, not a departure.[3]

This conclusion is supported by the fact that the Sentencing Manual defines "departure" as "assignment of a criminal history category other than the otherwise applicable criminal history category. . . ." U.S.S.G. §1B1.1(1)(E). There is no criminal history category that when coupled with an offense level of 31 results in a guideline range of 120-150 months. *See* U.S.S.G. Ch. 5 Pt. A. Furthermore, once a defendant has been designated a career offender, a departure may only reduce his criminal history category by a maximum of one level. *See* U.S.S.G. § 4A1.3(b)(3)(A). If the sentencing judge had granted a departure, Quarles would have received a sentence of 168-210 months. The range used by the judge, 120-150 months, simply could not be reached by way of a departure.

---

[3] In a subsequent order, Judge Williams reiterated that he had granted a "downward variance," not a downward departure. (Dk. No. 25.)

Second, even if Quarles' sentence is characterized as a departure, rather than a variance, the question remains whether the "applicable guideline range" is determined before or after the granting of the departure. This distinction is important because if the applicable guideline range is set prior to a departure, then the defendant is not eligible for a sentence reduction because the applicable guideline range is based on the career offender provision. If, however, the applicable guideline range is set after the departure, the resulting range could conceivably be based on the crack cocaine provision.

Prior to 2011, courts were split on this issue.[4] In *United States v. Munn*, the Fourth Circuit held that the applicable guideline range is determined *after* applying a downward departure for overrepresentation of criminal history if the resulting sentence "fell squarely" within the crack cocaine range. 595 F.3d 183, 195 (4th Cir. 2010). In response to *Munn* and similar decisions, the Sentencing Commission clarified that when a defendant is a career offender, the career offender range is the "applicable guidelines range" for sentencing purposes. Amendment 759 to the U.S.S.G. defines applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), *which is determined before consideration of any departure provision* in the Guidelines Manual or any variance." U.S.S.G. App. C, Amend. 759 (2011) (emphasis added). This amendment effectively abrogates the holding in *Munn* that a defendant, despite being a career offender, is

---

[4] *Compare United States v. Flemming*, 617 F.3d 252 (3d Cir. 2010); *United States v. Cardosa*, 606 F.3d 16, 18-22 (1st Cir. 2010); *United States v. McGee*, 553 F.3d 225, 229-30 (2d Cir. 2009), *with United States v. Pembrook*, 609 F.3d 381, 384 (6th Cir. 2010); *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010); *United States v. Blackmon*, 584 F.3d 1115, 1116-17 (8th Cir. 2009).

eligible for a sentence reduction if, after a departure, his sentence falls squarely within the otherwise applicable crack cocaine guideline range.[5]

This conclusion is consistent with the Commentary to Amendment 750:

> [N]ot all crack cocaine offenders...will receive a lower sentence as a result of the change to the Drug Quantity Table... [some] offenders are sentenced pursuant to §§4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal), which result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table.

U.S.S.G. App. C, Amend. 750 (2011). Based on this amendment, Quarles' applicable guideline range is based on the career offender provision and is unaffected by a subsequent departure. This range, 188-235 months, is likewise unchanged by Amendment 750. Since his applicable guideline range is unaffected, Quarles is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

At least one other federal district court has acknowledged the Sentencing Commission's rejection of the conclusion that the applicable guideline range was determined after a departure or variance. *See United States v. Flemming*, 2012 WL 33019 (E.D. Pa. Jan. 5, 2012). In *Flemming*, the court thoroughly discussed the case's history, including the Third Circuit's position on the issue and the subsequent clarification by the Sentencing Commission. The district court had previously denied the defendant's motion for reduction of sentence on the grounds that he was ineligible as a career offender. This decision was reversed by the Third Circuit, which held, as the Fourth Circuit did in *Munn*, that the applicable guideline range was the post-departure range. *See United States v. Flemming*, 617 F.3d 252, 261 (3d Cir. 2010). On remand, however, the district court addressed the Sentencing Commission's Commentary to Amendment

---

[5] In Amendment 759, the Sentencing Commission stated that it "adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in §1B1.10 is the guideline range determined pursuant to §1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance.*" U.S.S.G. App. C, Amend. 759 (2011) (emphasis added).

759 and again held that "the 'applicable guideline range' for Flemming is his Career Offender Guideline range that was calculated *prior to* the grant of the § 4A1.3 departure. . . ." *Flemming*, 2012 WL 33019, at *4 (emphasis added). Consequently, the court again denied the defendant's motion, notwithstanding the Third Circuit's decision. *Flemming* only reinforces this Court's conclusion that Quarles is ineligible for relief as a career offender.

Finally, even under the standard in *Munn*, Quarles is ineligible for a sentence reduction because his case is factually distinguishable. In *Munn*, the defendant was classified as a career offender but given a downward departure and sentenced within the crack cocaine guideline range. Because the defendant's sentence "fell squarely within [his] otherwise-applicable Crack Guideline range," the Fourth Circuit concluded that the applicable guideline range was the crack cocaine provision rather than the career offender provision. *Id.* Quarles' 132 month sentence does not fall squarely into the otherwise-applicable crack cocaine range of 57-71 months, nor is there any other way to say that the sentence was based on the crack cocaine guidelines range. Quarles argues that his sentence was "about twice" the midpoint of the range. Though true, this fact is inconsequential because it is impossible to discern if this was significant to the sentencing judge. The judge stated that the classification as a career offender was correct, and sentenced Quarles accordingly. This Court must therefore conclude that the crack cocaine guidelines were not the basis for Quarles' sentence. *See United States v. Burgess,* No. 1:06cr429, 2012 WL 1378322 (E.D. Va. April 18, 2012) (denying motion for a reduction of sentence under similar facts).

*B. Quarles is not Eligible for a Reduction under Freeman v. United States*

Quarles relies alternatively on the Supreme Court's decision in *Freeman v. United States,* 131 S. Ct. 2685 (2011), to support his contention that a sentence reduction is authorized under 18

U.S.C. § 3582(c)(2). Specifically, he urges that § 3582(c)(2), as interpreted in *Freeman,* supersedes the recent changes to U.S.S.G. §1B1.10.

In *Freeman,* the defendant was indicted for possession with intent to distribute crack cocaine, and possession of a firearm in furtherance of a drug-trafficking crime. Freeman and the government entered into a binding plea agreement imposing a sentence of 106 months: 46 months for the crack cocaine charge, and 60 months for the firearm charge. The plea agreement expressly referenced the sentencing guidelines: "[Freeman] agrees to have his sentence determined pursuant to the Sentencing Guidelines." *Freeman,* 131 S. Ct. at 2691. The sentencing judge accepted the plea agreement and sentenced Freeman accordingly. When the Sentencing Commission later reduced the Drug Quantity Table, Freeman filed a motion for a reduced sentence. The District Court denied this motion, holding that Freeman's sentence was based on the plea agreement itself, not on the crack cocaine guidelines. *United States v. Freeman,* No. 3:04CR98-J, 2008 WL 8116991 (W.D. Ky. Dec. 31, 2008*), aff'd sub nom., United States v. Goins,* 355 F. App'x 1 (6th Cir. 2009), *rev'd sub nom., Freeman v. United States,* 131 S. Ct. 2685 (2011). The Supreme Court reversed, holding that when a binding plea agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman,* 131 S. Ct. at 2698 (Sotomayor, J., concurring).[6]

*Freeman* is inapplicable for two reasons. First, Freeman, unlike Quarles, was not sentenced under the career offender provision; his applicable guideline range, with respect to the

---

[6] In *Freeman,* the Court lacked a majority opinion. Justice Sotomayor's concurring opinion is controlling because it concurs in the judgment on the narrowest grounds. *See United States v. Brown,* 653 F.3d 337 (4th Cir. 2011) (citing *A. T. Massey Coal Co. v. Massanari,* 305 F.3d 226, 236 (4th Cir. 2002)).

46 month sentence, was the crack cocaine provision.[7] The court sentenced Freeman "within the guideline ranges" for crack cocaine. *Id.* at 2691. Second, Freeman's sentence was based on a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).[8] The issue before the Court in *Freeman* was whether a sentence imposed pursuant to a binding plea agreement is based on the applicable guideline range or whether it is based on the plea agreement itself when the agreement explicitly states that the parties agree to a sentence within the guidelines. This question relates only to the first requirement of 18 U.S.C. § 3582(c)(2), namely, that a sentence must be "based on" a subsequently changed sentencing guideline. The Court in *Freeman* did not address whether a career offender convicted of a crack cocaine offense is eligible for a reduced sentence in light of the policy statement in U.S.S.G. § 1B1.10. It also did not say anything about plea agreements that do not explicitly refer to the sentencing guidelines. For these reasons, *Freeman* does not establish Quarles' eligibility for a sentence reduction.

Quarles argues that his interpretation of *Freeman* finds support in *United States v. Ware*, 840 F. Supp. 2d 850 (E.D. Pa. 2012), *appeal docketed*, No. 09–4482 (3d Cir. 2012). In *Ware*, the defendant was convicted of crack cocaine offenses and was classified as a career offender. The guideline range under the career offender provision was 262-327 months, but the judge imposed a sentence of 128 months. *Id.* at 853-54. In imposing this sentence, the judge explicitly relied on the crack cocaine guidelines:

> Had you not been designated a Career Offender, the Guidelines would have been 57 to 71 months. *The midpoint of that Guideline range is 64 months*, that's the sentence you probably would have faced had you [not been designated a Career Offender], but because you are a

---

[7] Freeman's 60-month sentence for a firearm offense was unaffected and was not an issue on appeal.

[8] A plea agreement under Fed. R. Crim. P. 11(c)(1)(B) is merely advisory. Accordingly, Quarles' plea agreement provided that "the Court has jurisdiction and authority to impose any sentence within the statutory maximum. . . ." In contrast, a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) is binding on the Court once accepted.

Career Offender I'm going to have to enhance that Guideline, I'm going to have to increase it. *I'm going to double it*, I'm sentencing you to 128 months['] incarceration, well under the low end of the Career Offender guideline, but certainly a sentence that I think will send the word out, you can't deal drugs within 1,000 feet of a school.

*Id.* at 853-54 (emphasis added). Although the judge acknowledged that U.S.S.G. § 1B1.10 demands a different result, he concluded that § 1B1.10 was inconsistent with *Freeman* and "impermissibly restrains the Court's discretion to reduce the sentence of incarceration." *Id.* at 862. Several courts have rejected the holding in *Ware* for failure to adhere to the requirements of § 1B1.10. *See, e.g., United States v. Carrigan*, No. 3:04CR250, 2012 WL 716159, at *8 n.7 (M.D. Pa. Mar. 5, 2012) ("We respectfully disagree with the reasoning in *United States v. Ware* to the extent that it ignores the second requirement under Section 3582(c)(2)."); *United States v. Hilliard*, No. 05–175, 2012 WL 425968, at *6 n.3 (W.D. Pa. Feb. 9, 2012) ("This Court respectfully disagrees with the analysis employed by the District Court in *Ware*, which relies on prior policy and precedent in support of its decision. . . ."). Similarly, this Court finds no conflict between the Supreme Court's interpretation of § 3582(c) in *Freeman* and the application of U.S.S.G. §1B1.10 to Quarles' case, because *Freeman* addressed neither the career offender provision nor the effect of a departure or variance from the applicable guideline range. The policy statement in U.S.S.G. § 1B1.10 forecloses Quarles' argument that this Court has authority to reduce his sentence. The Court must therefore deny the motion.

Because this Court lacks the authority to reduce Quarles' sentence, it will not inquire into whether a reduction is warranted in light of the factors in 18 U.S.C. § 3582(a).

## IV. Conclusion

For the reasons set forth above, the Court shall deny the defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

The Court shall enter an appropriate order.

Date: August 27, 2012
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge